UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BELVEDERE DEVELOPERS LLC | : | BK No. 05-15710 |
| Debtor | : | Chapter 11 |

**MOTION OF CENTER DEVELOPMENT CORPORATION FOR LEAVE TO FILE AN APPEAL OF DECISION AND ORDER DENYING MOTION FOR STAY RELIEF**

Center Development Corporation ("Center"), by and through its undersigned counsel, respectfully moves this Court, pursuant to 28 U.S.C. § 158(a)(3) and Bankruptcy Rules 8001(b) and 8003, for leave to appeal the Decision and Order (the "Stay Relief Order") entered by the Honorable Arthur N. Votolato, Bankruptcy Judge for the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") on or about March 17, 2006, denying Center's Motion for Entry of an Order Granting Center Relief from Automatic Stay in Accordance with Consent Order (the "Stay Relief Motion"). A copy of the Stay Relief Order is attached hereto as Exhibit A.

While Center believes that the Stay Relief Order is a final appealable order, and has filed a Notice of Appeal simultaneously herewith, Center moves for leave to file an appeal based upon language in the Stay Relief Order that suggests the Stay Relief Order is not a final, appealable order.

Center maintains that the Bankruptcy Court failed to address the Debtor's failure to comply with 11 U.S.C. § 362(d)(3).

Center seeks appellate relief because the Stay Relief Order clears the way for the Debtor to pursue a plan of reorganization and asset sale that is both unfeasible and obviates Center's

rights under § 362(d)(3). After carefully considering the impact of the Stay Relief Order on the plan and sale process, Center believes that, without the interlocutory appeal sought here, the Stay Relief Order will irreparably harm its interests in this bankruptcy case.

## Statement of Facts

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on November 11, 2005 (the "Petition Date").

2. The Debtor is a single asset real estate debtor.

3. 11 U.S.C. § 362(d) provides in relevant part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

* * *

> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)—
>
> > (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> >
> > (B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d)(3).

4. The Debtor did not file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time within the 90 days prescribed by § 362(d)(3). The Bankruptcy Court did not extend the time for filing such a plan within the 90 days prescribed by § 362(d)(3). The Debtor did not commence monthly payments as prescribed by § 362(d)(3).

5. On December 7, 2005, Center filed its initial motion seeking a declaration of the automatic stay was not applicable, relief from the stay, or dismissal of the case.

6. On January 12, 2005, this Court held a hearing on Center's first motion for stay relief, and at that time the following entry was made on the docket:

> Parties agree Debtor will propose plan by 2/23/06 with sale to Gilbane or another buyer. Closing of sale with plan to occur within 90 days after 2/23/06. If no plan by 2/23/06, Center Development gets relief from stay and will have a secured claim for $950,000 - number may change based on what parties determine tax credits and plan to be worth. Parties will put all terms in a consent order. Order Due by: 1/23/2006. (DAgostino, Holly) (Entered: 01/13/2006)

7. Following the hearing the parties agreed to a Consent Order. On February 26, 2006, the Court approved the Consent Order presented by the Debtor.

8. On February 23, 2006, the Debtor filed a Plan of Reorganization. The Plan is not a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time as required under 11 U.S.C. § 362(d)(3).

9. On or about February 28, 2006, Center filed the Stay Relief Motion. The Debtor filed a response to the Stay Relief Motion on or about March 1, 2006. The Bankruptcy Court scheduled a hearing on the Stay Relief Motion for March 9, 2006.

10. The issues identified and addressed at trial with respect to the Stay Relief Motion that is the subject of the Stay Relief Order Center now seeks to appeal, are (i) the Debtor's failure to comply with the Consent Order by filing an unfeasible plan in failing to secure a firm sale of its real estate and (ii) the Debtor's failure to comply with § 362(d)(3).

11. In the Stay Relief Order, the Bankruptcy Court completely ignored the Debtor's failure to comply with § 362(d)(3).

## Questions on Appeal

A. Did the Bankruptcy Court err by denying Center's Stay Relief Motion and by not addressing the Debtor's failure to comply with 11 U.S.C. § 362(d)(3)?

## Standard for Granting Interlocutory Appeal

12. Leave to pursue an interlocutory appeal is granted when:

(1) Refusal would result in wasted litigation and expense;

(2) the appeal involves a controlling question of law as to which there is a substantial basis for difference of opinion; and

(3) an immediate appeal may materially advance the ultimate termination of the litigation.

See, e.g., HSBC v. Handel (In re Handel), 240 B.R. 798, 800 (1st Cir. BAP 1999); Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 652 (1st Cir BAP 1998).

13. Granting Center leave to pursue an interlocutory appeal is appropriate here because, absent the relief sought, the plan and sale process will move forward without regard to the effect of the express provisions of the Bankruptcy Code embodied in § 362(d)(3). Allowing the plan and sale process to move forward will cause immediate and irreparable harm to Center's rights under the Bankruptcy Code and its interests in the Debtor's assets.

14. The dictates of § 362(d)(3) are clear and unequivocal. Resolving this issue now will spare the estate, Center, and all other interested parties significant time and expense of protracted plan confirmation and sale litigation. For this reason, an immediate appeal will materially advance the ultimate termination of probable litigation that will ensue if the plan and sale process proceeds in accordance with the Stay Relief Order as entered.

15. Accordingly, Center should be granted leave to pursue an interlocutory appeal because refusal would result in wasted litigation and expense and an immediate appeal may materially advance the ultimate termination of the litigation and appeals that will ensue in this case.

## Conclusion

For the reasons set forth above, Center respectfully requests that the Court grant this Motion and such further relief as is equitable and just.

Center Development Corporation,
By its Attorneys,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: March 27, 2006

Within ten (10) days after service as evidenced by the certification (twenty (20) days for U.S. Governmental officers and agencies thereof), and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 528-4477. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATE OF SERVICE

I hereby certify that this 27th day of March, 2006, the following parties who are currently on the Electronic Mail Notice List for this case received a copy of the within Motion via the Electronic Mail Notice List: Peter J. Furness, Esq., Brennan, Recupero, Cascione, Scungio & McAllister, LLP, 362 Broadway, Providence, RI 02909; Edward J. Bertozzi, Jr., Esq., Edwards, Angell, Palmer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903; and Leonard J. DePasquale, Esq., Assistant United States Trustee, Office of the United States Trustee, 10 Dorrance Street, Suite 910, Providence, RI 02903, and the following parties received a copy of the within Motion via regular mail: Fred H. Barrows, 41 Ridge Road, Bristol, RI 02809; James J. Mullen, Esq., 55 Lafayette Drive, Bristol, RI 02809; John C. Whistler, 10 Nayatt Road, Barrington, RI 02806; Asbestos Removal Contractors, Inc., c/o Visconti & Boren, 55 Dorrance Street, Providence, RI 02903; Asterio and Diana Sousa, Box 777, Bristol, RI 02809; Cayer Prescott Clune, 2 Charles Street, Providence, RI 02904; Charles J. Falugo, Inc., 520 Pleasant Street, Attleboro, MA 02730; John G. Rego, Esq., 443 Hope Street, Bristol, RI 02809; Laura Drive, 10 High Street, Bristol, RI 02809; Matthew F. Medeiros, Esq., Little, Medeiros, Kinder, 72 Pine Street, Providence, RI 02903; Prescott-Chatellier Fontaine, 2 Charles Street, Providence, RI 02904; Robert Rondeau, 2 Mulberry Road, Bristol, RI 02809; Thomas Lyons, P.O. Box 976, Bristol, RI 02809; and Town of Bristol, c/o Michael A. Ursillo, Esq. Ursillo Teitz & Ritch, 2 Williams Street, Providence, RI 02903. Matthew J. McGowan, Esq., Salter Gowan Sylvia & Leonard, Inc., 321 S. Main St., Providence, RI 02903; and Charles D. Blackman Esq. Michael DeFanti, Esq., Jennifer Doran, Esq., Hinckley Allen & Snyder LLP, 1500 Fleet Center Providence, RI 02903.

/s/ Jeffrey S. Brenner