UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| BELVEDERE DEVELOPERS LLC | ) | Case No.: 05-15710 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S OBJECTION TO CENTER DEVELOPMENT CORPORATION'S MOTION FOR LEAVE TO FILE AN APPEAL OF DECISION AND ORDER DENYING MOTION FOR STAY RELIEF**

NOW COMES Belvedere Developers, LLC ("Belvedere" or the "Debtor") and hereby objects to Center Development Corporation's ("Center") Motion for Leave to File an Appeal of Decision and Order Denying Motion for Stay Relief (the "Motion for Leave"). In support of its Objection, the Debtor states the following:

On February 26, 2006, the Bankruptcy Court entered a Consent Order between Center and the Debtor, which resolved Center's first motion for relief from the automatic stay (the "First Stay Motion") and set forth a procedure for the filing and confirmation of a Chapter 11 plan. The Debtor timely filed its Plan on February 23, 2006. On February 28, 2006, Center filed a second motion for relief from stay (the "Second Stay Motion"), in which it alleged that Belvedere failed to comply with said Consent Order.

On March 17, 2006, the Bankruptcy Court entered an Order and Decision denying Center's Second Stay Motion. On March 27, 2006, Center filed a notice of appeal from the Order and Decision and filed the Motion for Leave. In the Motion for Leave, Center states that the issues are "(i) the Debtor's failure to comply with the Consent Order by filing an unfeasible plan in failing to secure a firm sale of its real estate and (ii) the Debtor's failure to comply with § 362(d)(3)." (Motion for Leave, ¶ 10).

For the following reasons, Center's Motion for Leave should be denied.

## I. Center waived any rights it might have had under § 362(d)(3).

It is a basic principle of appellate law that issues first asserted on appeal must be deemed waived. VanHaaren v. State Farm Mut. Auto Ins. Co., 989 F.2d 1, 4-5 (1st Cir. 1993). Thus, if a party fails to raise an issue in the trial court, it may not raise the issue for the first time on appeal. Hap Corp. v. Heyman Mfg. Co., 311 F.2d 839, 844 (1st Cir. 1962), reh. denied, 311 F.2d 839 (1st Cir. 1963), cert. denied, 373 U.S. 903 (1963) ("Not having disputed the issue of validity below, it cannot do so now in order to obtain a reversal. It is not enough that the record may contain evidence on which appellant may piece together a case.").

Center's Second Stay Motion simply asserts that the Debtor had failed to comply with the Court's February 26, 2006 Consent Order. Center's Second Stay Motion never mentions § 362(d)(3) (addressing "single asset" real estate cases). The Consent Order is silent on the matter. Center had the opportunity to raise this issue, and it failed to do so. Therefore, Center's Motion for Leave, to the extent that it is based on § 362(d)(3), must be denied.

## II. The bankruptcy court's March 17 order is an interlocutory order that is not subject to direct appellate review under 28 U.S.C. § 158.

The bankruptcy court's March 17 order is not a "final" judgment in terms of the Debtor's Bankruptcy case and, thus Center is not entitled to automatic appellate review under 28 U.S.C. § 158(a)(1). See In re Shepard Clothing Co., Inc., 280 B.R. 786 (D. Mass. 2002). Nor should this Court grant Center leave to appeal said order under § 158(a)(3).

Whether a court grants an appellant leave to bring an appeal is a discretionary matter. Although § 158(a)(3) does not provide any guidance as to when courts should exercise their discretionary powers, courts have routinely turned to the standards contained within § 1292(b), namely whether: "(1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation." In re Bank of New England Corp., 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998)(quoting 28 U.S.C. § 1292(b)).

Center's appeal does not raise any issues that would warrant an exercise of this Court's discretionary powers. Most notably, Center's appeal fails to raise any questions of law. The sole issue before the Bankruptcy Court was whether the Debtor had complied with the Consent Order by filing a feasible plan by February 23, 2006. After an extended evidentiary hearing, at which the Bankruptcy Court carefully assessed the evidence and the credibility of the witnesses, the Court found that the Debtor "has complied with the Consent Order in all respects" (Decision and Order, p. 6). This was an intensely factual determination, and Center's appeal raises only factual issues. Therefore, Center's appeal is not warranted under § 158(a).

## III. If Center is given leave to appeal, it must post a supersedeas bond in an amount sufficient to compensate the Debtor for any losses incurred

Bankruptcy Rule 8005, in pertinent part, states that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Thus, Rule 8005 grants the bankruptcy court and district court broad powers to ensure that the parties to an appeal are not harmed or

prejudiced thereby. Quarles v. Miller, 193 B.R. 779, 782 (W.D. Va. 1996). One avenue open to courts is to require the appellant to post a supersedeas bond to protect the appellee for any loss caused by the appeal. In re Miraj and Sons, Inc., 201 B.R. 23, 28 (D. Mass. 1996)("It is well established that the reason for requiring a bond is to secure the prevailing party against any loss that might be sustained as a result of an ineffectual appeal.")(quoting Quarles v. Miller, 193 B.R. at 782).

As more fully set forth in the Debtor's First Amended Plan of Reorganization, the Debtor has an agreement to sell its assets for $2.6 million, subject to higher and better offers. If Center is allowed to prosecute an interlocutory appeal, it would chill, possibly preclude or at least substantially delay a sale or any bidding on the Debtor's assets and consequently confirmation of its Chapter 11 Plan. This would cost the Debtor's estate (and therefore its creditors) at least $2.6 million. Therefore, Center should be required to post a supersedeas bond to protect the estate from such a disaster.

**CONCLUSION**

For the foregoing reasons, Center's Motion for Leave for pursue a futile appeal should be denied.

Respectfully submitted,

BELVEDERE DEVELOPERS LLC

By their attorneys,

/s/ Peter J. Furness (#3608)
BRENNAN, RECUPERO, CASCIONE,
SCUNGIO & McALLISTER, LLP
362 Broadway
Providence, Rhode Island 02909
(401) 453-2300 Phone

## NOTICE

Within ten (10) days after service as evidenced by the certification (twenty (20) days for U.S. Government officers and agencies thereof) of the foregoing paper, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party in interest who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, Sixth Floor, Providence, RI 02903 (401) 528-4477. If no such objection is filed within the time allowed herein, the paper will be deemed unopposed and will be granted, unless (1) the requested relief is prohibited by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Debtor's Objection was mailed, postage prepaid or via electronic mail to the following this the 4th day of April, 2006:

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

**Edward J. Bertozzi** ebertozzi@edwardsangell.com,
**Jeffrey S. Brenner** jbrenner@nixonpeabody.com,
mryone@nixonpeabody.com;nmahoney@nixonpeabody.com
**Leonard DePasquale** ustpregion01.pr.ecf@usdoj.gov
**Gary L. Donahue** gary.l.donahue@usdoj.gov,
**Jennifer V. Doran** jdoran@haslaw.com, ktsilvestri@haslaw.com
**Peter J. Furness** pjf@brcsm.com, kmccarthy@brcsm.com
**George J. Lough** george@stevemillerlaw.com, georgelough@gmail.com
**Matthew J. McGowan** mmcgowan@smsllaw.com, pricciarelli@smsllaw.com
**Richard C. Pedone** rpedone@nixonpeabody.com, iveiga@nixonpeabody.com
**Linda Rekas Sloan** lsloan@smsllaw.com

**Manual Notice List** - Parties in the case only

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Fred Barrows
Belvedere Developers LLC
41 Ridge Road
Bristol, RI 02809

Joseph M. Brito
375 Papasquash Road
Bristol, RI 02809

Charles D. Blackman, Esq.
Sandy Mack, Esq.
Michael P. DeFanti, Esq.
Hinckley Allen & Snyder
1500 Fleet Center
Providence, RI 02903

George J. Lough
Steven Miller and Associates
196 Waterman Street
Providence, RI 02906

James J. Mullen
55 Lafayette Drive
Bristol, RI 02809

John C. Whistler
10 Nayett Road
Barrington, RI 02806

Gerald F. Zito
141 Hillcrest Avenue
Providence, RI 02909

Asbestos Removal
Contractors, Inc.
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

Asterio and Diana Sousa
Box 777
Bristol, RI 02809

Bristol Tax Assessor
10 Court Street
Bristol, RI 02809

Cayer Prescott Clune and
Chatellier
2 Charles Street
Providence RI 02904

Center Development Corporation
ATTN: William N. Hubbard
437 Madison Avenue
New York City, NY 10022

Charles J. Falugo, Inc.
ATTN: Charles J. Falugo, Jr.
520 Pleasant Street
Attleboro, MA 02730

Department of Labor &
Training
One Capitol Hill, Suite 306
Providence, RI 02908

Internal Revenue Service
Insolvency Unit
380 Westminster Street 4th Fl
Providence, RI 02903

John G. Rego, Esq.
Rego & Rego
443 Hope Street
Bristol, RI 02809

Laura Driver
10 High Street
Bristol, RI 02809

Little Medeiros Kinder Bulman and W
Attn: Matthew Medeiros
72 Pine Street
Providence RI 02903

Prescott, Chatellier,
Fontaine & Wilkinson
Two Charles Street
Providence, RI 02904

RI Division of Taxation
Bankruptcy Unit
One Capitol Hill
Providence, RI 02908

Robert Rondeau
2 Mulberry Road
Bristol RI 02809

Thomas Lyons
P.O. Box 976
Bristol, RI 02809

Andrew M. Teitz
Ursillo Teitz & Rich
2 Williams Street
Providence, RI 02903-2918

R.I. Division of Taxation
One Capitol Hill
Providence, RI 02908

/s/ Kathryn McCarthy